# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br>AS SUBROGEE OF MAUREEN HURYSZ,<br>CNA Plaza<br>Chicago, ILL 60685 | CIVIL ACTION NO. |
| Plaintiff | COMPLAINT |
| v. | |
| MAYTAG CORPORATION<br>403 WEST 4TH STREET<br>NEWTON, IOWA 50208 | JURY TRIAL DEMANDED |
| BAILEY APPLIANCE SERVICE<br>901 Eggert Road<br>Amherst, New York 14226<br>Defendant | |

## PARTIES

1. Plaintiff, Continental Casualty Company, is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at CNA Plaza, Chicago, Illinois which, at all times material hereto, was engaged in the business of providing insurance in this judicial district.

2. Defendant, Maytag Corporation is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 403 West 4th Street, Newton, Iowa, 50208, which at all times material hereto, regularly and systematically engaged in the business of manufacturing, assembling, distributing, and selling household appliances, including dishwashers, in this judicial district.

3. Defendant, Bailey Appliance Service, is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1901 Eggert Road, Amherst, NY 14226 which, at all times material hereto, regularly and systematically engaged in its business of appliance servicing within this judicial district.

## JURISDICTION

4. The jurisdiction of this court is based on the diversity of the citizenship of the parties pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

5. Venue is proper in this judicial district as the events giving rise to plaintiff's causes of action occurred with this judicial district.

## FACTS

6. At all times material hereto, defendants Maytag and Bailey Appliances, and each of them, acted by and through their employees, agents and workman, each of whom was acting in the course of his employment and within the scope of this authority, subject to the control and direction and for the benefit of his employer.

7. At all times material hereto, Maureen Hurysz was the owner of a residence located at 241 Lowell Road, Buffalo, New York 14217.

8. At all times material hereto, plaintiff Continental provided property damage and loss of use insurance to Maureen Hurysz for the real and personal property located at her residence.

9. In 2000, Maureen Hurysz purchased a Maytag model MDB4000AWW, serial number 1583139UD dishwasher, which had been designed, manufactured, distributed and marketed by defendant Maytag.

10. On or about April 27, 2000 and May 4, 2000, Maureen Hurysz contacted Bailey Appliance Services because of an electrical problem with the dishwasher.

11. On or about April 27, 2000, and May 4, 2000, defendant Bailey Appliance, for valuable consideration, worked on and serviced the aforesaid Maytag dishwasher.

12. On March 6, 2005, the Maytag dishwasher started a fire in the Hurysz residence.

13. The failure in the dishwasher and subsequent fire caused damage and destruction to the real and personal property of Maureen Hurysz, as well as loss of use of her property.

14. Pursuant to the policy of insurance between Maureen Hurysz and Continental Casualty Company, continental Casualty Company has reimbursed Ms. Hurysz for the damage and destruction to her real and personal property as well as the loss of use of her property.

15. Pursuant to the policy of insurance, Continental Casualty is subrogated to Maureen Hurysz's rights against defendants Maytag and Bailey Appliance for causing the fire and resulting damages.

### COUNT I
### PLAINTIFF V. MAYTAG
### (NEGLIGENCE)

16. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

17. The fire and resulting damages were caused by the negligent, careless and/or reckless acts and omission of defendant, Maytag, including but not limited to the following:

    a)    Improperly designing, engineering, manufacturing, assembling, inspecting, testing, selling, supplying, distribution and/or placing into the stream of commerce the Maytag dishwasher which defendant knew or should have known was defective and unreasonable dangerous in nature and design;

    b)    Designing, manufacturing, fabricating, assembling, distributing, selling and/or supplying the dishwasher with a manufacturing or design defect which caused electrical failures within the dishwasher;

    c)    Failing to adequately, properly and safely inspect the dishwasher which inspections would have revealed the existence of an inherent defect and dangerous condition;

    d)    Otherwise failing to exercise reasonable due care under the circumstances.

18. The aforesaid negligence, carelessness and recklessness of defendant Maytag proximately caused the fire and resulting damages to plaintiff.

## COUNT II
## PLAINTIFF B. MAYTAG
## (STRICT PRODUCTS LIABILITY)

19. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

20. The fire resulting in damage to plaintiffs were caused proximately by defendant Maytag's sale and supply of the Maytag dishwasher in a defectively and unreasonable dangerous condition in violation of the Restatement (Second) of Torts, Section 402A.

21. The defendants' aforesaid sale and supply of a defective and unreasonable dangerous product proximately caused the fire and damages.

## COUNTS III
## PLAINTIFF B. BAILEY APPLIANCE
## (NEGLIGENCE)

22. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

23. The fire resulted in damages that were caused by the negligent, careless and/or reckless acts and omissions of defendant Bailey Appliances, including but not limited to the following:

    a)     Improperly examining, testing and servicing the Maytag dishwasher;

    b)     Improperly servicing the Maytag dishwasher so as to create a dangerous condition in the dishwasher;

    c)     Failing to diagnose a defective condition in the dishwasher;

    d)     Improperly performing electrical repairs to the dishwasher;

    e)     Otherwise acting negligently as will be disclosed through the discovery process.

24. The aforesaid negligence, carelessness and recklessness of defendant Bailey Appliance proximately caused the fire and resulting damage.

WHEREFOERE, plaintiff demands judgment in its favor against defendants Maytag Corporation and Bailey Appliance Services, and each of them, in an amount in excess of $75,000.00, together with interest and costs of this action.

>BY:  _s/Mark D. Goris_____
>Mark D. Goris. Esquire
>Mitchell, Goris & Stokes, LLC
>5 Mill Street
>P.O. Box 312
>Cazenovia, New York 13035
>Bar Roll:  301980
>Attorneys for Plaintiff

WILLIAM N. CLARK, JR., ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
(215) 665-4101


Date:   December 5, 2005_____

PHILA1\2365529\1 163450.000